J-S43005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY SHYRONE MORROW :
:
Appellant : No. 1817 WDA 2019

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000816-2011

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED FEBRUARY 03, 2021**

Appellant, Anthony Shyrone Morrow, appeals from the November 13, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

A prior panel of this Court aptly summarized the factual and procedural background, as follows:

> Appellant shot his cousin in [the crowded Last Stop B]ar in Erie, Pennsylvania[,] on December 31, 2010.  Thereafter, on November 17, 2011, a jury convicted Appellant of attempted homicide, aggravated assault, and possession of an instrument of crime.[2]  On January 17, 2012, the trial court sentenced Appellant to 20 to 40 years of incarceration for aggravated assault with a consecutive term of one to five years of incarceration for possessing an instrument of crime.  Appellant's aggravated assault conviction merged with his attempted murder conviction for sentencing purposes.  This Court affirmed Appellant's judgment of sentence in an unpublished memorandum filed on March 19, 2013.  ***See Commonwealth v. Morrow***, 69 A.3d 1296, [256 WAL 2012 (Pa. Super. filed March 19, 2013)] (unpublished memorandum).  Our Supreme Court denied further

> review. *See Commonwealth v. Morrow*, 78 A.3d 1090[, 268 WAL 2013 (Pa. October 29, 2013)].
>
> [2] 18 Pa.C.S.A. §§ 901, 2702, and 907, respectively.
>
> On July 2, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel by order dated July 18, 2014. Despite the appointment of counsel, Appellant filed *pro se* amended PCRA petitions on August 1, 2014[,] and August 12, 2014. PCRA counsel filed a no-merit letter and petition for leave of court to withdraw as counsel pursuant to *Turner/Finley*[1] on August 13, 2014. On August 15, 2014, the PCRA court sent Appellant notice of its intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On that same date, the PCRA court entered an order granting counsel's petition to withdraw as counsel. On September 2, 2014, Appellant filed a *pro se* motion to amend and supplement his *pro se* PCRA petition. He filed a similar request on September 4, 2014. On September 4, 2014, Appellant also filed an objection to the PCRA court's intent to dismiss his PCRA petition without a hearing. The PCRA court denied Appellant's PCRA petition by order entered on September 11, 2014, after considering all of Appellant's various *pro se* and counseled filings.

*Commonwealth v. Morrow*, 131 A.3d 84, 1654 WDA 2014 (Pa. Super. filed August 6, 2015) (unpublished memorandum affirming the September 11, 2014 order).

On June 3, 2016, Appellant filed a motion for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. *See Morrow v. Superintendent Clark et al.*, No. 1:16-cv-128 (W.D. Pa. filed June 3, 2016). Amended PCRA Petition, 5/6/19, at ¶ 14. As part of the inquiry into the circumstances of the federal *habeas* case, an investigator interviewed three witnesses: Craig Cook,

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Jeremy Bowling, and Thomas Culpepper. These witnesses claimed they were with Appellant at the Last Stop Bar on the night of the shooting and that Appellant was not the shooter. *Id.* at ¶¶ 25, 29, 32, and 35. Based upon this information, Appellant filed a second, untimely PCRA petition, averring that its untimeliness was excused by the "after-discovered facts" exception outlined in 42 Pa.C.S. § 9545(b)(1)(ii). Appellant requested leave to amend the petition after investigation of his claim was complete. Second PCRA Petition, 9/21/18, at ¶¶ 32, IX.

On September 26, 2018, the federal *habeas* proceedings were stayed pending resolution of the present PCRA petition. Amended PCRA Petition, 5/6/19, at ¶ 16. Subsequently, the PCRA court granted Appellant leave to amend, and an amended petition was filed on May 6, 2019. On July 9, 2019, the Commonwealth filed a response to Appellant's amended petition, and on September 16, 2019, Appellant filed a reply.

On October 18, 2019, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's amended petition without a hearing, having concluded "that [Appellant's] claims are time barred by the statute, and this [c]ourt therefore lacks jurisdiction to consider them." Rule 907 Notice, 10/18/19, at 1. On November 13, 2019, the PCRA court denied Appellant's petition, and Appellant timely appealed. Both the PCRA court and Appellant

complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant raises the following issues:

> I. Whether a defendant who is incarcerated, indigent, and at the mercy of appointed counsel, and who repeatedly asks appointed counsel to interview potential witnesses, has established that the recently obtained statements of those witnesses are "facts" that were both (i) previously unknown to him and (ii) unable to be ascertained by the exercise of due diligence, within the meaning of 42 Pa.C.S. § 9545(b)(1)(ii)?
>
> II. Whether a defendant's actual innocence provides a gateway to overcome any procedural issues, including timeliness, allowing a PCRA court to rule on the merits of the defendant's claims?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

Additionally, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may

---

[2] The PCRA judge originally assigned to Appellant's PCRA matter retired in December of 2019, and the case was reassigned to another Erie County jurist. On January 10, 2020, the newly-assigned PCRA court issued a memorandum opinion relying "on the Notice of Intent to Dismiss Without Hearing filed October 17, 2019. . . . No further Opinion is necessary." PCRA Court Opinion, 1/10/20, at 1.

not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the matter *sub judice*, we affirmed Appellant's judgment of sentence on March 19, 2013, and the Pennsylvania Supreme Court denied further review on October 29, 2013. The time for seeking review in the Supreme Court of the United States expired on January 27, 2014, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Appellant's judgment of sentence became final on January 27, 2014. In order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before January 27, 2015. Because Appellant did not file the instant PCRA petition until September 21, 2018, more than three years after his judgment of sentence became final, the petition is patently untimely.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. Pursuant to Section 9545(b):

**(b) Time for filing petition.--**

- 5 -

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one of these exceptions must be filed within one year of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).[3] It is well established that the burden is on the petitioner to prove that one of the timeliness exceptions applies. *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

---

[3] Section 9545(b)(2) was amended, changing the amount of time a PCRA petitioner has to present a claim under Section 9545(b)(1) from sixty days to one year from the time the claim could have been presented. This change applies only to claims arising on or after December 24, 2017. 42 Pa.C.S. § 9545(b)(2), cmt. Appellant's alleged claims arose on July 26, 2018, when the investigator in the federal *habeas* case interviewed purported witness, Craig Cook. Amended PCRA Petition, 5/6/19, at ¶41. Consequently, the amended statute applies.

- 6 -

Here, Appellant asserts his petition meets the timeliness exception applicable for claims of newly-discovered facts, found at Section 9545(b)(1)(ii). With respect to a claim of newly-discovered facts, this Court has previously explained:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008).

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015). "The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). Accordingly, we must determine whether Appellant has established both that "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Brown*, 111 A.3d at 176.

The PCRA court concluded Appellant failed to meet the newly-discovered fact-timeliness exception, reasoning:

- 7 -

[Appellant] asserts that he qualifies for a timeliness exception because he "meets the requirements of exception (b)(1)(2)." In short, [Appellant] argues that facts upon which his claim is predicated were unknown to [Appellant] (at trial) and could not have been ascertained by the due diligence. In support of his newly discovered facts claim, [Appellant] avers that his trial counsel failed to interview or use testimony from witnesses at the scene, specifically Craig Cook, Jeremy Bowling, and Thomas Culpepper, whose testimony may have been exculpatory.

It is important to note that [Appellant] was not denied the opportunity to raise these issues in a PCRA. Rather, [Appellant] had three years to address these matters, but failed to do so in a timely fashion. An affidavit from [Appellant] dated February 19, 2015, states "I did provide Counsel with names of witnesses who could establish I did not commit the crime alleged, Craig Cook and Jeremy Bowling." Obviously these witnesses are not newly discovered evidence. Further, Thomas Culpepper claimed that he was with [Appellant], Cook and Bowling all night, went to the "Last Stop" with them, was standing with them at the time of the shooting, and left the bar with [Appellant], Cook and Bowling. It is curious why [Appellant] wouldn't remember Culpepper's presence based upon Culpepper's statement that he was a companion [of Appellant on] the night of the incident. Culpepper's version of events was capable of being easily obtainable in time for [Appellant's] trial and definitely before March 10, 2015.

Having failed to timely file, [Appellant] must show that this evidence was unknown to him at trial, or could not have been ascertained by due diligence. His Petition states exactly the opposite, declaring:

> "[T]rial counsel [for the defense] was well aware that Mr. Cook and Mr. Bowling were present at the bar on the night of the shooting since they were both initially arrested—and Cook was charged—in connection with the case...[.] Finally, had trial counsel interviewed Jeremy Bowling, he also would have learned that Mr. Culpepper was at the bar."

In fact, [Appellant] *himself* was acquainted with all of those whose testimony he claims is newly discovered evidence, and was with all of them on the night in question, according to an affidavit by federal investigator Linda Lopez-Nassiff, which was submitted

with the instant PCRA and marked "Exhibit B".  Two similar exhibits were submitted, each also purporting to contain new information not previously disclosed.  However, none of the exhibits contain evidence (for example) that a witnesses [sic] failed to previously disclose.  Rather, in each case, the witness purportedly told the investigator that if an attorney or investigator had contacted them, they would have given the same information as they now proffer.  This directly contradicts the idea that their testimony was unknown or not obtainable.

[Appellant] goes on to acknowledge that "To be granted a new trial on the basis of after-discovered evidence, [Appellant] must demonstrate that the evidence . . . could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence."  [Appellant] then claims that he has been duly diligent "in attempting to find new evidence of his innocence... [and] ... has continually urged his attorneys to investigate his claims and sought assistance on his own by requesting counsel."

However, the requirement that evidence have been previously unknown and not obtainable through the exercise of due diligence has nothing to do with a [p]etitioner having diligently sought new evidence, or with having urged his attorneys to further investigate, where a [p]etitioner acknowledges openly that the evidence he claims as being newly discovered was known at the time of trial and/or easily obtainable.

> "Under, the newly-discovered evidence exception to timeliness, a petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence...[.] This rule is strictly enforced...[.] Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

***Commonwealth v. Brown,*** 111 A.3d 171, 176 (Pa. Super. 2015). ***See Commonwealth v. Marshall,*** 947 A.2d 714, 720 (Pa. 2008).

[Appellant's] argument that his attorney should have done more to bring forward the testimony of other witnesses is an ineffective assistance of counsel claim.  [Appellant] cannot get around the time requirements of the PCRA statute by disguising a claim of ineffectiveness as an issue of after-discovered evidence.

- 9 -

Notice of Intent to Dismiss, 10/17/19, at 2–5 (emphasis in original) (record references omitted).

On appeal, Appellant claims that although he was aware that the three witnesses were present on the evening of the shooting, "he did not know what their accounts of the events would be." Appellant's Brief at 20. Thus, urges Appellant, "the **names** of the witnesses are not the newly discovered facts; it is their **statements** detailing their observations the night of the shooting that are the facts." *Id.* at 20–21 (emphasis in original).

We disagree. It is clear that the three witnesses' statements do not qualify for the after-discovered-facts exception to the PCRA jurisdictional time-bar. The underlying relevant facts are not the witnesses' statements themselves; rather, the essential detail is that Cook, Bowling, and Culpepper were eyewitnesses to the events that occurred in the Last Stop Bar on the night of the shooting.

Further, Appellant does not dispute that he knew the three witnesses were present that evening and even asserts that he supplied trial counsel with Cook's and Bowling's names, claiming they "could establish I did not commit the crime alleged . . . ." Reply to Commonwealth's Response, 9/16/19, Exhibit K. He also represented that he knew that Culpepper was in the bar that night. Appellant's Brief at 20. Thus, as early as the night of the shooting, Appellant was aware of the existence of eyewitnesses that could provide exculpatory information. Because these facts were known to him prior to trial, Appellant

cannot satisfy the first part of the newly-discovered-fact test and is not entitled to relief. **See Foreman**, 55 A.3d at 537 (to plead an effective section 9545(b)(1)(ii) timeliness exception an appellant must demonstrate both that the facts were unknown and that he exercised due diligence). While Appellant may have had a meritorious argument concerning counsel's failure to interview the three witnesses, a claim of ineffective assistance of counsel cannot save an otherwise untimely petition for review on the merits. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

Finally, Appellant asserts that his actual innocence should "provide a gateway to overcome timeliness issues barring consideration of his PCRA claims." Appellant's Brief at 28. To support this proposition, Appellant cites to **McQuiggin v. Perkins**, 569 U.S. 383 (2013), wherein the United States Supreme Court held that petitioners who assert a convincing actual innocence claim may thereby invoke the miscarriage-of-justice exception to overcome the federal *habeas corpus* statute of limitations. **Id.** at 391. Our jurisprudence, however, has already deemed such decisions pertaining to federal *habeas corpus* law irrelevant to our construction of the timeliness provisions set forth in the PCRA. **See Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013) (a significant development in federal *habeas corpus* law "is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.").

Moreover, we have specifically rejected Appellant's "gateway" argument. In **Commonwealth v. Brown**, 143 A.3d 418 (Pa. Super. 2016), we acknowledged the United States Supreme Court's holding in **McQuiggin** that petitioners asserting a convincing actual innocence claim may invoke a miscarriage-of-justice exception to overcome a federal *habeas corpus* statute of limitations. However, we determined that the holdings in *habeas corpus* cases are irrelevant to our construction of the plain language of the PCRA's timeliness provisions. **Brown**, 143 A.3d at 420–421.

Therefore, because Appellant's second PCRA petition is patently untimely, and he has not met his burden of establishing an exception to the PCRA's time-bar, the PCRA court properly determined that it lacked jurisdiction to address his claims. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2021